IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHERYL ANN COLLINS STEAD                                              PLAINTIFF

v.                                          NO. 15-5194

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Cheryl Ann Collins Stead, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for a period of disability and disability insurance benefits (DIB). (Doc. 1). The Defendant filed an Answer to Plaintiff's action on November 18, 2015, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 12). Plaintiff filed an appeal brief on December 21, 2015. (Docs. 13, 14).

On January 13, 2016, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 16). Specifically, Defendant states that on a previous remand the ALJ was directed to address interrogatories to the physicians that had treated or evaluated Plaintiff, and that the ALJ failed to obtain this information before issuing a hearing decision. Defendant states that on remand, the ALJ will direct interrogatories to Plaintiff's treating/evaluating physicians, and after reviewing this additional evidence will issue a new hearing decision.

1

On January, 19, 2016, Plaintiff filed a response objecting to Defendant's motion to remand. (Doc. 17).  Plaintiff argues that the ALJ purposely failed to apply well-established law and delayed Plaintiff's remand hearing for over two years.  Plaintiff argues that the Court should, therefore, reverse the ALJ's decision and award benefits.  In this response, Plaintiff also appears to be filing a motion to supplement the record with new evidence.  Defendant filed a reply objecting to the new evidence on January 21, 2016, and Plaintiff filed a reply to Defendant's objection on January 25, 2016.  (Docs. 18, 19).

A district court may remand a social security case to the Commissioner pursuant to "sentence four" of 42 U.S.C. § 405(g).  The court has the authority to reverse a decision of the Commissioner, "with or without remanding the cause for rehearing," but the Eighth Circuit has held that a remand "for an immediate award of benefits is the appropriate remedy where the record is fully developed and overwhelmingly supports a finding of disability." Fishbaugher v. Astrue, 878 F. Supp. 2d 939, 955 (D. Minn. 2012)(quoting Pate–Fires v. Astrue, 564 F.3d 935, 947 (8th Cir.2009).

In this case, it is clear that the record must be further developed before any decision can be reached.  Accordingly, the court finds remand for the purpose of the ALJ to further obtain and evaluate the evidence as addressed above appropriate.

With respect to the medical evidence attached to Plaintiff's response to the motion, as argued by Defendant, this evidence was dated seventeen days after the ALJ issued a partially favorable hearing decision and could have been submitted to the Appeals Council by Plaintiff. It is also noted that Plaintiff was found to be disabled as of May 1, 2014, over a year prior to the date of the medical evidence Plaintiff now wishes to submit, and more than likely would

have no impact on Plaintiff's abilities during the time period of December 14, 2004, and April 30, 2014, the relevant time period on remand.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 15th day of March, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE