IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHERYL ANN COLLINS STEAD                                               PLAINTIFF

v.                           CIVIL NO. 15-5194

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                         DEFENDANT

## ORDER

Before the Court is counsel's request for approval of attorney's fees in the amount of $21,009.50, pursuant to 42 U.S.C. § 406(b). (Doc. 26). Plaintiff's counsel requests 25% of her past-due benefits based upon a contingency-fee agreement. (Doc. 14, p. 19). Defendant does not object to the award in this case, but suggests that the fee request may be unreasonable. (Doc. 28).

Plaintiff Cheryl Ann Collins Stead appealed the Commissioner's denial of benefits to this Court for the second time on August 13, 2015.[1] On March 15, 2016, this Court granted Defendant's motion to remand and entered judgment remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 21). Plaintiff's counsel moved for an award of fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (Doc. 22). Counsel's request was granted on September 6, 2016, awarding fees and costs under the EAJA in the amount of $4,381.10, to be paid in addition to, and not out of, any past-due benefits which Plaintiff may be awarded in the future. (Doc. 25). Following remand, Plaintiff was found to be entitled to benefits beginning in July of 2007. (Doc. 27, p. 22).

---

[1] The Court previously remanded Plaintiff's case on August 1, 2012. Collins v. Astrue, 5:11-cv-5108 (W.D. Ark April 26, 2011). Plaintiff's counsel received $2,228.10 in attorney's fees pursuant to EAJA for 12.75 hours of work. Id.

1

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). The relevant portion of that statute reads, "the court may determine and allow as part of its judgment a reasonable fee ... not in excess of 25 percent of the ... past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of, and not in addition to, the amount of claimant's past-due benefits.

In 1980, Congress enacted the Equal Access to Justice Act, providing for fees payable by the United States. These fees are determined not by a percentage of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Unlike fees under § 406(b), these fees are paid in addition to, and not out of, the amount withheld from claimant's past-due benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. See Equal Access to Justice Act, Extension and Amendment, P.L. No. 99–80, 99 Stat. 183 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).

Furthermore, awarding fees under both Acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. Id. See also Cornella v. Schweiker, 728 F.2d 978 (8th Cir. 1984). However, claimant's attorney must refund to the claimant the amount of the smaller fee. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be

2

increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Id.

Additionally, the district court may only award fees for work done before it; it may not approve fees for work done before the Commissioner. Gowen v. Bowen, 855 F.2d 613 (8th Cir. 1988); Fenix v. Finch, 436 F.2d 831 (8th Cir. 1971).

The Court will now consider whether the contingent fee agreement of twenty-five percent of Plaintiff's past-due benefits held by the Commissioner, for work performed before this Court, is reasonable.

Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht at 807. In Gisbrecht, the Supreme Court also recognized the primacy of lawful attorney-client fee agreements in determining reasonable attorney fees in cases where claimants prevail in federal court. The Court held that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Id. at 808–809.

First, the Court must look to see whether the contingent-fee agreement is within the twenty-five percent boundary. In the present case, Plaintiff entered into a contingent-fee agreement dated October 24, 2008. (Doc. 27, p. 19). This Court finds that the written fee agreement in this case falls within the statutory guidelines of not exceeding twenty-five percent of the past-due benefits.

The Court must now determine whether Plaintiff's attorney's requested fee is reasonable compensation for his time spent for work before this Court. "When considering a fee award, the Court must balance two important policy concerns. On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases-particularly when the attorney faces

a risk of nonpayment." Wallace v. Barnhart, 2004 WL 883447, at *3 (N.D. Iowa, 2004). "If remuneration is insufficient, then deserving claimants will be unable to find counsel." Id., quoting McDonald v. Apfel, 2000 WL 744115, at * 1 (W.D. Mo. June 8, 2000). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award. Attorney fees awarded under § 406(b) are deducted from the claimant's disability award. The duty of attorneys to protect the interests of their clients remains throughout all of the legal proceedings and, as such, Plaintiffs' attorneys are obligated to pursue fees pursuant to the EAJA or explain to the Court why such fees are not being pursued. Id.; Shephard v. Apfel, 981 F.Supp. 1188, 1192–94 (S.D. Iowa 1997).

Prior to the decision in Gisbrecht, the 8th Circuit applied the "lodestar" method to assist in determining whether the hourly rate should be enhanced based on the circumstances of the case. Since Gisbrecht, the courts have recognized that basing a reasonableness determination on an hourly rate is inappropriate and deferred to contingency fee contracts in § 406(b) cases, "accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). See, e.g., Bear v. Astrue, 544 F.Supp.2d 881, 883 (D. Neb. 2008) (awarding $10,288.50 under section 406(b) for 29.4 hours of work); Watterson v. Astrue, 2008 WL 783634 (M.D.Fla. Mar. 21, 2008) (awarding $28,767.10 under section 406(b) for 26.4 hours of work); Hussar–Nelson v. Barnhart, 2002 WL 31664488 (N.D. Ill. 2002)(granting fee award of $19,424.25, representing 25% of past due benefits, equivalent to approximately $393 per hour); Coppett v. Barnhart, 242 F.Supp.2d 1380 (S.D. Ga. 2002) (granting $6,554.12 for 18.7 hours of work, approximately $350.49 per hour); However, the Court is still required to review contingent-fee agreements, such as this one, "to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. 789 at 807 (2002).

4

In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 n. 3 (1983). These factors are generally accepted as being relevant to determining the reasonableness of requested fees in social security disability cases. McDonald v. Secretary of Health and Human Servs., 884 F.2d 1468, 1473 (1st Cir. 1989). Finally, Plaintiff's attorney has the burden of "show [ing] that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. 789 at 807.

While Defendant is not a party of interest, she contends Plaintiff's petition for fees appears excessive and might be considered a windfall. (Doc. 28). Defendant points out that of the 87.10 hours of attorney work submitted by Plaintiff's counsel, 23.50 of those hours were for travel time on May 6, 2009. Defendant suggests, and the Court agrees, that the attorney hours granted in the two petitions for EAJA fees, totaling 35.45 hours, should be the hours used by the Court to determine if the fees now requested are reasonable.

Plaintiff's attorney seeks a fee award of $21,009.50. To generate a non-contingent fee of $21,009.50 for 35.45 hours of work, Plaintiff's counsel would need to charge $592.65 per hour. However, when an attorney proceeds on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate.

As previously noted, Plaintiff contracted to pay her attorney twenty-five percent of any past-due benefits owing to her. Had counsel not been successful in obtaining benefits for Plaintiff, counsel would not be entitled to a fee award under the contingency nature of the agreement and, therefore, runs a substantial risk of loss. In addition, the benefits to Plaintiff are substantial not in just past-due benefits but benefits she will continue to receive in the future. While at first blush the hourly rate requested may appear unreasonable, the Court notes that in this particular case, Plaintiff's counsel has represented Plaintiff in this matter since 2008, and has filed two separate federal court appeals in working to obtain benefits for Plaintiff. While in another case this hourly rate may be found to be unreasonable, the circumstances in this particular case justify the hourly rate requested.

The Court has reviewed this request and finds it to be within the statutory twenty-five percent ceiling, a reasonable request under the agreement, and does not represent a windfall to Plaintiff's counsel.

In light of the foregoing factors, particularly the contingency nature of the case, the years this case has been pending, and the substantial award to Plaintiff both in back-pay and on-going benefits, the Court finds counsel's request under the contingency agreement to be reasonable. Counsel is hereby awarded $21,009.50 to be paid out of Plaintiff's past-due benefits. However, the $21,009.50 fee under Section 406(b) is offset by the $6,609.20 previously awarded under the EAJA, and counsel must refund to the claimant the amount of the smaller fee.

IT IS SO ORDERED this 14th day of February 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE